**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ANTHONY G. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:05-CV-372-TS |
| | ) | |
| JAMES HERMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Anthony G. Johnson, a *pro se* prisoner, submitted a Complaint under 42 U.S.C. § 1983 and a more definite statement pursuant to Federal Rule of Civil Proedure 12(e). Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Johnson alleges that while he was a pre-trial detainee at the Allen County Jail he was punished without due process when he was placed in deadlock on April 26, 2005, for hoarding pain medication. Pre-trial detainees may not be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before imposition of punishment for a disciplinary infraction. Nevertheless, not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995). In his more definite statement, Johnson states that a hearing was held before a three member Conduct Adjustment Board (CAB) who found him guilty and imposed a sentence of twenty days in deadlock. Johnson was not punished without due process because that hearing constituted due process of law. Though he was placed in deadlock before the hearing, that pre-hearing segregation was not punishment anymore than his time in jail prior to his conviction was punishment. Rather it was a pre-hearing detention for legitimate security reasons while the jail investigated the drug related charges against him and conducted a hearing. Therefore these claims will be dismissed.

Johnson also alleges that he was denied medical treatment from April 26, 2005, to May 15, 2005, when he was denied pain medication. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under

the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593

(7th Cir. 2003). In medical cases, the Eighth Amendment test is expressed in terms of whether the

defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*,

111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has

diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention, and if untreated could result in further significant

injury or unnecessary pain, and that significantly affects the person's daily activities or features

chronic and substantial pain. *Id.* at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's]

welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*,

959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional

equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th

Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation

omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show

that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir.

1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Johnson alleges that Dr. House stopped his medication as a result of the incident report. In his more definite statement, Johnson states that he "put two Vicodin in my shirt pocket instead of taking them." (DE 12 at 3.) Though he explains that he wanted to keep them so that he could take them later (consistent with his understanding as to when they were to be ingested), he nevertheless admits that he saved them rather than consumed them when the dispensing nurse gave them to him. Johnson states that the nurse saw him put them into his pocket and that he told her he was going to keep them rather than take them immediately. In response to the incident report and his nurse's observations, Dr. House cancelled his pain medication.

Johnson wanted to receive his pain medication an hour and fifteen minutes later, but "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). In response to Johnson's admitted refusal to take his pain medication when it was dispensed, Dr. House determined that if Johnson would not take his medication when the nurse gave it to him, then he would not receive them at all. That is to say, Dr. House decided that if Johnson would not take the medication (or at the very least would not take it as dispensed), then he would not continue to allow it to be given to him. Though Dr. House's decision may have been wrong, even unreasonable, negligent, or incompetent, the facts alleged do not support an allegation of deliberate indifference. An inmate who will not take his medication when it is dispensed does not appear to need the medication. This is particularly true for pain medication.  Even if he is in pain as a result, he appears willing to suffer that pain in exchange for whatever benefit he receives by not immediately taking the medication.

4

If he is willing to endure the pain and refuses the offered medical treatment, then he no longer has a condition mandating treatment. Though Johnson may have innocently been attempting to shift the timing of his pain medication consistent with his understanding of the prescription, pain medication is particularly subject to abuse in a prison setting and jail officials, both medical and non-medical, are reasonably concerned about their misuse. Though Johnson does not believe that he refused his medication, when he put the Vicodin in his pocket rather than taking them, he was refusing to accept the medical treatment offered by the dispensing nurse. As a result, Dr. House was not deliberately indifferent when he discontinued the refused medication. Therefore, this claim will be dismissed.

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

SO ORDERED on May 18, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT